## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (NORTHERN DIVISION)

| | |
|---|---|
| **KENNIS RIVERA**,<br>332 Oldham St.<br>Baltimore, MD 21224<br><br>and<br><br>**ADA MEJIA,**<br>332 Oldham St.<br>Baltimore, MD 21224<br>On behalf of themselves and others similarly<br><br>situated employees<br><br>Plaintiffs,<br><br>v.<br><br>**JET AUTOMOTIVE SERVICES, LLC,**<br>412 Old Trail Road<br>Baltimore, MD 21212<br>Serve on Resident Agent<br>    John Gordon, Esq.<br>    736 Ticonderoga Ave.,<br>    Severna Park, MD 21146<br><br>And<br><br>**ANTHONY KOROLEV**<br>412 Old Trail Road<br>Baltimore, Maryland 21212<br><br>Defendants.<br>_____ | Civil Action No.:<br><br>**Jury Trial Requested** |

## COMPLAINT FOR COLLECTIVE ACTION AND CLASS ACTION

KENNIS RIVERA ("Rivera") and ADA MEJIA ("Mejia," with Rivera collectively,

"Plaintiffs"), by and through their undersigned counsel, on behalf of themselves and all others

similarly situated, hereby submit this Complaint against Defendants, Jet Automotive Services ("Jet

Auto"), and Anthony Korolev, to recover, unpaid overtime wages, statutory damages, interest,

reasonable attorneys' fees and costs and all other relief as appropriate under Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"); the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, *et. seq*. ("MWHL"); and the Maryland Wage Payment and Collection Law, Md. Code. Ann., Lab. & Empl. §§ 3-501, *et. seq*. ("MWPCL").

## I.     <u>THE PARTIES</u>

1. Plaintiff KENNIS RIVERA is an adult resident of Baltimore City, Maryland and a former employee of Defendants working as an automobile detailer.

2. Plaintiff ADA MEJIA is an adult resident of Baltimore City, Maryland and a former employee of Defendants who worked as an automobile detailer.

3. The Plaintiffs and other similarly situated workers were employed by Defendants as non-exempt employees performing manual labor including cleaning, washing, vacuuming, drying, waxing and providing detailed cleaning services on vehicles ("Auto Detailers"). Plaintiffs and the other Auto Detailers performed work where directed by Defendants to do so, including at various auto dealers in the Washington Metropolitan area.

4. Defendant Jet Auto is a corporation formed and existing under the laws of the State of Maryland. During Plaintiffs' employment, Defendant Jet Auto was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), the MWHL, § 3-401(b), and the MWPCL, § 3-501(b).

5. Defendant Anthony Korolev ("Defendant Korolev") at all times relevant hereto was an "employer" as that term is defined by 29 U.S.C. § 203(d). Specifically, Defendant Korolev is the owner and operator of Defendant Jet Auto who worked with, managed and supervised Plaintiffs and similarly situation Auto Detailers.

6.   Defendant Korolev controlled all significant aspects of operations, including the hiring and firing of employees.   Moreover, Defendant Korolev exercised day-to-day operation and control of the enterprise comprising Defendants. At all times relevant, Defendant Korolev had two or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce, such as machines, automobiles, equipment, tools, supplies and cleaners that were transported or produced out of state.

7.   At all times relevant, Defendant Jet Auto had two or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce, such as machines, automobiles, equipment, tools, supplies and cleaners that were transported or produced out-of-state.

8.   During all relevant times, the Plaintiffs and similarly situated Auto Detailers were "employees" of Defendants as that term is defined under the FLSA, 29 U.S.C. § 203(e), and within the meaning of the MWHL and MWPCL.

9.   The work of the Plaintiffs and other Auto Detailers regularly involved commerce between States ("interstate commerce"). The FLSA covers individual workers, like Plaintiffs and the other Auto Detailers, who are "engaged in commerce or in the production of goods for commerce."

10. Defendants were "joint employers" of Plaintiffs because all Defendants were "person[s] acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

11. At all relevant times Defendants' annual gross sales volume as defined by the FLSA has exceeded $500,000 per year.

12. Defendants held and exercised the power to direct, control and supervise Plaintiffs and similarly situated Auto Detailers, gave orders and instructions as to where to work, when to work

and stop work, the work to be performed, including but not limited to where to perform the work, instructions as to whether to clean cars on the inside, outside or both, which cars to clean, and what materials to be used.

13. Defendants set the schedules and rates and methods of pay for Plaintiffs and similarly situated Auto Detailers.

14. Defendants held and exercised the power to hire, fire, discipline, suspend and otherwise materially affect the terms and conditions of employment of Plaintiffs and similarly situated Auto Detailers.

15. Defendants provided the facilities, equipment, tools, supplies, or materials necessary to complete the work performed by Plaintiffs and similarly situated Auto Detailers.

16. Defendants routinely and consistently required the Plaintiffs and similarly situated Auto Detailers to work over forty hours per week, commonly known as "overtime work", as a condition of continued employment be Defendants.

## II.   JURISDICTION AND VENUE

17. Original jurisdiction in this Honorable Court is expressly provided by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331, as this matter presents a federal question.

18. Discretionary supplemental jurisdiction of Plaintiffs' Maryland state law claims is provided by 28 U.S.C. § 1367(a); the state law claims form part of the same case or controversy and derive from a common nucleus of operative facts, on which Plaintiffs' claims are based.

19. No reasons exist that would force this Honorable Court to decline jurisdiction; the state law claims (i) do not raise novel or complex issues of state law, (ii) do not substantially predominate the claims over which this Honorable Court has original jurisdiction, and (iii) no

exceptional circumstances exist that would constitute a compelling reason for declining jurisdiction, thereby satisfying 28 U.S.C. § 1367(c).

20. Pursuant to 28 U.S.C. § 1391(b), venue is appropriate; the unlawful acts central to this matter occurred primarily within the State of Maryland. The Named Plaintiffs are also residents of the State of Maryland and have been for the entirety of the relevant period.

21. This Honorable Court has personal jurisdiction over Defendants. Defendant Jet Auto is incorporated under the laws of Maryland. Tesla of Owings Mills, and Tesla of Rockville are incorporated under the laws of Delaware, however, they conduct sufficient business within the forum state so as to constitute a submission to its laws. Defendant Anthony Korolev is a citizen and resident of Maryland who routinely does business in Maryland. Defendants employed the Named Plaintiffs and the Plaintiff Class in Maryland, and other actions complained of were conducted in Maryland.

### III.   FACTUAL ALLEGATIONS

22. Plaintiffs and similarly situated Auto Detailers worked for Defendants.  They were directed to work at various dealerships in Virginia and Maryland, including at Tesla of Owings Mills, and Tesla of Rockville.

23. The primary responsibilities of Plaintiffs and similarly situated Auto Detailers were to thoroughly clean, wash, dry, vacuum and wax cars.  Their duties consisted entirely of routine, manual labor requiring no skill, education or expertise.

24. Plaintiffs and other similarly situated employees regularly worked more than forty hours per week during their employment with Defendants.

25.  However, Plaintiffs and other similarly situated employees were not paid for all hours worked over 40 and were not paid at the proper rate for hours worked over forty in a work week.

26. Defendants employed approximately 100 Auto Detailers at any time.  During the relevant period, a number of Auto Detailers joined and left the employment with Defendants.

27.  In or around February 18, 2018, Plaintiff Rivera was hired by Defendants as an auto detailer.  He was initially paid an hourly rate of approximately $15, and regularly worked over 40 hours per work week.

28.  In or around June, 2018, Plaintiff Rivera asked for more money because he was required to work so many hours over 40 during a work week.

29. Defendants paid him more money for the work week but did not pay him for the hours he worked overtime.

30.  Plaintiff Rivera continued to work more than 40 hours in a work week until December 29, 2018, yet was never paid at the proper rate for hours he worked over 40.  Plaintiff Rivera sometimes worked more than 65 hours in a work week.

31. Plaintiff Mejia was hired by Defendants in or around March, 2018.  She was paid an hourly rate and regularly worked over 40 hours per work week.

32. Plaintiff Rivera and Mejia regularly commuted to work together.

33. Beginning around May, 2018, Plaintiff Mejia began to contemporaneously note the hours she worked each day.

34. Other Auto Detailers working for Defendants also regularly worked over 40 hours in a work week, and Defendants did not pay them at the proper overtime rate for the hours worked over 40 in a work week.

35. Defendants did not post or provide notices regarding wages as required by federal and state law or provide pay statements reflecting the hours worked, overtime hours work, or rates of pay, and deductions.

36. Defendants willfully and intentionally did not pay Plaintiffs and similarly situated Auto Detailers one and a half times their regular hourly rate for hours worked over 40 in a work week.

37. The primary duties of Plaintiff Rivera, Plaintiff Mejia and other Auto Detailers performed did not implicate any exemptions under the FLSA, MWHL or MWPCL.

38. Plaintiffs and other similarly situation Auto Detailers were required by Defendants to note the time spent on each vehicle for which their work was performed, and those documents reflected the hours worked on all the vehicles in a day.

39. Defendants permitted and were aware that Plaintiffs and similarly situated Auto Detailers were working more than 40 hours in a work week based on the documentation that Defendants required them to complete, the requests by Plaintiffs and others for payment to compensate for hours worked over forty, and/or Defendants' observations of when the Plaintiffs and similarly situated Auto Detailers completed work for the day.

40. Plaintiffs also saw when other Auto Detailers worked and when they left, had conversations with Auto Detailers about their wages, and saw the paperwork noting the hours other Auto Detailers worked.

41. Despite the fact that Plaintiffs and similarly situated Auto Detailers regularly worked over 40 hours in a work week, Defendants did not pay them at the proper overtime rate for the hours worked over 40 in a work week.

42. There is no bona fide dispute that Plaintiffs and other Auto Detailers are owed overtime wages.

43. The FLSA requires an employer to pay its employees at a rate of at least one and one half times their regular rate for hours worked in one workweek over forty hours.

44. Despite working overtime, Plaintiffs and similarly situated Auto Detailers were not paid time and one half pay from Defendants for overtime worked.

45. Defendants, knowing that Plaintiffs and similarly situated Auto Detailers regularly worked over 40 hours in a work week, willingly, deliberately, and intentionally failed to pay the Plaintiffs and similarly situated Auto Detailers for all hours worked and failed to pay at the proper rate for hours worked over 40 during a work week.

## FLSA COLLECTIVE ACTION ALLEGATIONS

46. Pursuant to 29 U.S.C. § 216(b), which requires Defendants to compensate non-exempt employees such as Plaintiffs and similarly situated employees for all hours worked, and at the required rate for all hours worked over 40. Defendants knew or should have known this.

47. There are numerous similarly situated current and former employees of Defendants who, like Plaintiffs, worked as Auto Detailers for Defendants and who have been harmed by Defendants' common scheme to not pay for overtime work in violation of the FLSA.

48. Plaintiffs are similarly situated to the class members who all worked as non-exempt auto detailers performing the same job duties, in the same or similar locations and conditions, over forty hours per work week on a regular basis, for the same Defendants, subject to common policies and practices regarding pay, scheduling, and conditions of work, and who were denied compensation for one and one-half overtime wages by Defendants.

49. The similarly situated Auto Detailers have been harmed by Defendants common policies, practice and/or scheme, as described hereinabove, to underpay for overtime work and violation of the FLSA.

50. These similarly situated Auto Detailers are known to Defendants and are readily identifiable through Defendants' records.

51.  Many of these similarly situated Auto Detailers would benefit from the issuance of a court-supervised notice granting them the opportunity to join this lawsuit, and will likely choose to join Plaintiffs in this action in order to recover their unpaid wages and to seek all other available relief.

52. Plaintiffs consent to be party plaintiffs. Their consent forms are attached hereto as exhibits.

53. On behalf of themselves and similarly situated Auto Detailers, Plaintiffs commence this collective action and demand damages reflecting the overtime wages of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

## CLASS ACTIONS ALLEGATIONS UNDER MARYLAND LAW

54. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and other current and former employees who worked as Auto Detailers for Defendants and were subject to the following common practices and policies: they worked under the similar conditions, were scheduled and worked similar hours, were non-exempt employees, were denied payment of overtime wages, were not paid at the proper rate for hours worked over forty (40) in a single workweek, and were denied of all wages owed at the termination of their employment, in violation of the MWPCL.

55. Plaintiffs are members of the proposed class they seek to represent, and the claims alleged by Plaintiffs are typical to the claims of the proposed class. There are questions of law and fact common to the class that predominate over any questions exclusive to the individual class members.

56. The potential members of the class are sufficiently numerous making joinder of all class members impractical.

57. Plaintiffs will fairly and adequately protect the interests of the class.

58. The interests of Plaintiffs are not antagonistic to, or in conflict with, the interest of similarly situated Auto Detailers.

59. Counsel for Plaintiffs is experienced in litigating wage claims, including class and collective actions and is able to capably provide adequate representation for all members of the class.

60. The legal claims and legal theories being pursued by Plaintiff, the class representative, is identical to the legal claims and theories being pursued by the auto detailer class members.

61. In this case, joinder of all class members is impractical because (1) the number of class members is believed to exceed 100; (2) many of the class members' claims are small, a factor which would preclude many class members from pursuing their rights, and (3) there is substantial judicial economy in litigating all claims in a single action.

62. In this case, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy in that there will not be any substantial difficulties in managing a class action in the present case, judicial economy dictates in favor of litigating all of the claims in a single forum, no other litigation concerning this controversy has been commenced by any of the potential class members, and there is no significant reason that the individual class members need to control the litigation of this case.

## CAUSES OF ACTION AND VIOLATIONS OF THE LAW

### Count 1: Violation of the FLSA

63. Plaintiffs hereby fully incorporate in this Count all the Factual Allegations and FLSA Collection Action Allegations set forth herein.

64. At all relevant times, Defendants were and are employers within the meaning of the FLSA and are subject to the provisions of the FLSA.

65. At all relevant times, Plaintiffs and similarly situated Auto Detailers were employees of Defendants, as defined by the FLSA.

66. Under the FLSA, an employee who works more than 40 hours in a work week is entitled to be paid at a rate of 1.5 times their regular rate of pay for all hours over 40 during a work week.

67. During the period of time that the Plaintiffs were employed by Defendants, they worked more than 40 hours per week and were entitled to be compensated at a rate of 1.5 times their regular rate of pay for all hours over 40 during a work week.

68. Defendants violated the FLSA by failing to pay Plaintiffs at the proper rate for hours worked over 40 in a work week.

69. Defendants' employed common policies, practice and/or scheme as described hereinabove, to withhold overtime pay in violation of the overtime provisions of the FLSA and the regulations thereunder.

70. Defendants were aware that Plaintiffs and other similarly situated employees were working over 40 hours per week but willfully and knowingly failed to properly compensate the Plaintiffs at the proper overtime rate.

71. Defendants' failure to properly compensate Plaintiffs and similarly situated Auto Detailers was a willful and knowing violation of the FLSA in light of their knowing that employers are required to pay an overtime rate when employees work over 40 hours in a work week, taking actions to prevent Plaintiffs and other employees from being aware of their rights under federal and state law, permitting and knowing Plaintiffs and others worked overtime, receiving their demand for additional compensation for the amount of overtime hours they worked, and not paying the required overtime rate.

72. Pursuant to 29 U.S.C. §§ 207 and 216, Defendants owe Plaintiffs compensation for their overtime work at the proper rate, as well as statutory damages and reasonable attorneys' fees and costs.

## Count II: Violation of the MWHL

73. Plaintiffs hereby fully incorporate in this Count all the Factual Allegations and Class Action Allegations made above.

74. Pursuant to the Maryland Labor and Employment Code Ann. § 3-415, each employer shall pay an overtime wage of at least one and a half (1.5) times the regular hourly rate.

75. Pursuant to Maryland Labor and Employment Code Ann. § 3-420(a), each employer shall compute the wage for overtime under § 3-415 on the basis of each hour over forty (40) that an employee works during one (1) work week.

76. Plaintiffs have not received compensation from Defendants reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in one work week.

77. Defendants willfully and intentionally did not compensate Plaintiffs and similarly situated Auto Detailers for the overtime wages they are owed.

78. There is no bona fide dispute that Plaintiffs and/or similarly situated Auto Detailers are owed overtime wages for work performed over forty hours in a work week for Defendants.

79. Under the MWHL, Plaintiffs and similarly situated Auto Detailers are entitled to additional wages from Defendants for all overtime hours worked at the proper rate.

## Count III: Violation of the MWPCL

80. Plaintiffs hereby fully incorporate in this Count all foregoing Factual Allegations and Class Action Allegations stated above.

81. Plaintiffs and similarly situated Auto Detailers are entitled to wages under the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.*, which provides that each employer shall pay an employee all wages due for work that the employee performed before the end of employment, on or before the day on which the employee would have otherwise been paid the wages.

82. Plaintiffs and similarly situated Auto Detailers have not received compensation from Defendants for all wages for work performed, including all their wages for hours worked over forty, before the end of their employment.

83. Defendants willfully and intentionally did not compensate Plaintiffs for all of their owed wages.

84. Under the MWPCL, there is no bona fide dispute that Plaintiffs and similarly situated Auto Detailers are owed wages for the work they performed while employed by Defendants.

## IV.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs and on behalf of similarly situated Auto Detailers seek judgment against Defendants and pray for the following relief:

a.   Certification of this litigation as an opt-in class action under 29 U.S.C. § 216(b);

b.   Certification of this litigation as a class action under Maryland law;

c.   Judgment against Defendants for their failure to pay Plaintiffs and similarly situated Auto Detailers in accordance with the standards set forth by the FLSA;

d.   Judgment against Defendants for their failure to pay Plaintiffs and similarly situated Auto Detailers in accordance with the standards set forth by the MWHL;

e.   Judgment against Defendants for their failure to pay Plaintiffs and similarly situated Auto Detailers in accordance with the standards set forth by the MWPCL;

f.   A finding that Defendants' conduct was willful and intentional and not in good faith;

g.   An award against Defendants for the amount of unpaid overtime wages owed to the Plaintiffs and similarly situated Auto Detailers, calculated at a rate that is not less than one and one half (1.5) times their regular hourly rate for all overtime hours worked;

h.   An award of liquidated damages equal to the total amount of unpaid overtime wages owed to Plaintiffs and similarly situated Auto Detailers;

i.   An award of statutory damages equal to triple the total amount of unpaid overtime wages owed to Plaintiffs and similarly situated Auto Detailers;

j.   An award of reasonable attorneys' fees and all costs, plus pre-judgment and post-judgment interest, to be satisfied in full by Defendants;

k.   An award that makes Plaintiffs and similarly situated Auto Detailers whole, by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

l.   The Defendants be enjoined from further violations of the FLSA, MWHL, and the MWPCL; and

m.   All further relief deemed just and equitable by this Honorable Court.

## **REQUEST FOR A JURY TRIAL**

Plaintiffs for themselves and on behalf of similarly situated Auto Detailers request a jury trial.

Respectfully submitted,

April 21, 2020

_____/s/_____
T. Christine Pham, Bar No. 25446
cpham@rosenbergmartin.com
Michael J. March, Bar No. 20377
mmarch@rosenbergmartin.com
Rosenberg Martin Greenberg, LLP
25 South Charles Street, 21st Floor
Baltimore, Maryland 21201
Telephone: (410) 727-6600
Facsimile: (410) 727-1115

*Counsel for Plaintiffs*