## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KENNIS RIVERA,** *et al.* | * |
| **Plaintiffs,** | * |
| v. | * |
| |            **CIVIL NO. JKB-20-1037** |
| **JET AUTOMOTIVE SERVICES LLC,** *et al.* | * |
| **Defendants.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM

In this action, Plaintiffs, Kennis Rivera and Ada Mejia, claim that Defendants, Jet Automotive Services, LLC and Anthony Korolev, routinely underpaid them, as well as other similarly situated persons who worked for Defendants as auto detailers. Currently pending before the Court are Plaintiffs' Motion for Conditional Certification of a Collective Action (ECF No. 18) and Defendants' Motion for Partial Summary Judgment (ECF No. 27). Both motions are fully briefed, and no hearing is required. *See* Md. Local Rule 105.6 (D. Md. 2018). For the following reasons, an Order will enter denying Defendants' motion for partial summary judgment; Plaintiffs' related request for a Rule 56(g) order; and requiring Plaintiffs to show cause as to why conditional certification is appropriate at this stage in the litigation.

### I.  *Factual and Procedural Background*

In early 2018, Defendants hired Plaintiffs to work as auto detailers, which entailed "performing manual labor including cleaning, washing, vacuuming, drying, waxing and providing detailed cleaning services on vehicles." (Compl. ¶¶ 3, 27, 31, ECF No. 1.) Plaintiffs performed this work at various dealerships in Maryland, Washington D.C., Virginia, and Pennsylvania. (*See*

1

Mot. Cert. Mem. Supp. at 3, ECF No. 18-1.)  Both Plaintiffs allege that they regularly worked more than forty hours per week.  (*Id.* at 3–4; *see also* Rivera Aff. ¶ 4, Mot. Cert. Ex. D, ECF No. 18-2 at 8.)  Despite the similarity in their work and hours, Plaintiffs were paid differently.  Mejia was paid $11.00/hour when she began working for Defendants on March 12, 2018—and her pay increased to $12.00/hour on October 22, 2018.  (Mejia Aff. ¶ 4, Mot. Cert. Ex. B, ECF No. 18-2 at 4.)  In contrast, while Rivera began working as an hourly employee (at $15.00/hour), in June of 2018 he began receiving a biweekly salary (which began at $1,600 and increased to $1,900 in September 2018), regardless of how many hours he worked.  (Rivera Aff. ¶ 4.)  Both Plaintiffs assert that Defendants failed to pay them the required overtime premium for working in excess of forty hours per week.  (*Id.*)  Both Plaintiffs ended their employment with Defendants in late 2018. (*Id.* ¶ 3; Mejia Aff. ¶ 3.)

Plaintiffs filed this action on April 21, 2020, seeking to recover unpaid overtime wages, as well as statutory damages, under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*; the Maryland Wage and Hour Law ("MWHL"), MD. CODE ANN., LAB. & EMPL. §§ 3-401, *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), MD. CODE ANN., LAB. & EMPL. §§ 3-501, *et seq.*  (Compl. at 1–2.)  Plaintiffs brought these claims as a putative collective action pursuant to 29 U.S.C. § 216(b), asserting that there were more than twenty similarly situated auto detailers who were similarly denied appropriate overtime pay.  (*Id.* ¶ 46; Rivera Aff. ¶ 7.)

On March 3, 2021—one week before the discovery deadline—Plaintiffs moved for conditional certification of a proposed collective action and for approval and facilitation of notice to potential class members.  (*See* Mot. Cert., ECF No. 18.)  At that time, Plaintiffs had not yet sought any written or testimonial discovery.  (*See* Opp'n Mot. Cert. at 4, ECF No. 25; *see also*

ECF No. 19 ¶ 10 ("On March 10, 2021, Plaintiffs requested discovery from Defendants.").) One week later, now at the discovery deadline, Plaintiffs served written discovery requests on Defendants and sought a sixty-day extension of the discovery deadline. (*See* ECF No. 19.) This Court denied Plaintiffs' motion for an extension, citing Plaintiffs' unexplained failure to conduct any discovery during the nearly seven-month discovery period preceding their motion. (ECF No. 26 at 1.)

Following the close of discovery, Defendants moved for partial summary judgment as to the applicability of the "fluctuating workweek" method for computing the overtime premium during the time when Rivera received a fixed biweekly salary. (Mot. Part. Summ. J., ECF No. 27.)

## II.    Legal Standards

### A.    Summary Judgment

Federal Rule of Civil Procedure 56 provides that a party can move for summary judgment on a "claim or defense—or the part of [any] claim or defense," provided it shows "that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If a party carries this burden, then the Court will award summary judgment, unless the opposing party can identify specific facts, beyond the allegations or denials in the pleadings, that show a genuine issue for trial. Fed. R. Civ. P. 56(e). If sufficient evidence exists for a reasonable factfinder to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented, and summary judgment will be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252.

3

## B.  *Certification of a Collective Action*

"Under the FLSA, plaintiffs may maintain a collective action against their employer for violations under the act pursuant to 29 U.S.C. § 216(b)." *Johnson v. Helion Techs., Inc.*, Civ. No. DKC-18-3276, 2019 WL 4447502, at *4 (D. Md. Sept. 17, 2019). While Section 216(b) permits a plaintiff to sue on "behalf of himself or themselves and other employees similarly situated," additional plaintiffs must opt in to the collective action, because "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing." 29 U.S.C. § 216(b). To facilitate this opt-in model of collective action, courts "generally follow a two-stage process" in assessing the validity of Section 216(b) certification. *Cummins v. Ascellon Corp.*, Civ. No. DKC-19-2953, 2020 WL 6544822, at *2 (D. Md. Nov. 6, 2020).

The first stage requires "a minimal evidentiary showing that a plaintiff can meet the substantive requirements of 29 U.S.C. § 216(b)," after which "the plaintiff may proceed with a collective action on a provisional basis." *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007). Upon making this showing, a court may also permit "court facilitated notice to similarly situated employees and former employees," regarding the provisional collective action and their right to opt in. *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000). Ultimately, "[d]eterminations of the appropriateness of conditional collective action certification . . . are left to the court's discretion." *Johnson*, 2019 WL 4447502, at *5.

In the second stage, "once discovery is largely completed, [ ] courts perform a more stringent inquiry into whether the class is indeed similarly situated." *Lancaster v. FQSR*, Civ No. TDC-19-2632, 2020 WL 5500227, at *2 (D. Md. Sept. 11, 2020). After this more stringent inquiry, the court "renders a final decision regarding the propriety of proceeding as a collective action." *Rawls*, 244 F.R.D. at 300.

4

### III.   Analysis

In the pending motions, both parties seek to alter the scope of potential liability in this case. Defendants' motion for summary judgment seeks to cabin that liability by applying the fluctuating workweek method of calculating overtime pay for the period in which Rivera received a biweekly salary. In response, Plaintiffs ask this Court to enter a Rule 56(g) order establishing several facts going to Defendants' liability as undisputed. Additionally, Plaintiffs independently move for conditional certification, seeking to increase Defendants' putative liability by notifying and potentially joining additional, similarly situated plaintiffs to this case. The Court concludes that none of these requests should be granted at this juncture.

### A. Defendants' Motion for Partial Summary Judgment

Defendants' motion for partial summary judgment is narrow and seeks only to have this Court "appl[y the] fluctuating workweek method to Kennis Rivera's claims for overtime from June 2018 to December 2018," i.e., the time during which Rivera was receiving a fixed biweekly salary. (Mot. Part. Summ. J. Mem. Supp. at 1, ECF No. 27-1.) The fluctuating workweek method of computing overtime is a statutorily permitted method for computing overtime compensation under the circumstances set out in 29 C.F.R. § 778.114(a)(1)–(5).[1] As the name implies, this methodology applies to workers whose hours "fluctuate from week to week," but who "receive[] a fixed salary that does not vary with the number of hours worked in the workweek[.]" *Id.* § 778.114(a)(1)–(2). If the fluctuating workweek method applies, an employer is required to compensate overtime hours "at a rate of not less than one-half the employee's regular rate of pay," as opposed to one-and-one-half times that rate. *Id.* § 778.114(a)(5). This "[p]ayment of overtime

---

[1] Because the Court ultimately concludes that the undisputed facts do not establish the applicability of the federal fluctuating workweek method to Rivera's claims, it declines to consider, at this point, whether a different outcome would be warranted for Plaintiffs' parallel MWHL claims. (*See* Mot. Part. Summ. J. at 5.)

hours at not less than one-half [of the employee's regular rate] satisfies the overtime pay requirement because such hours have already been compensated at the straight time rate by payment of the fixed salary." *Id.* The "regular rate is determined by dividing the amount of the salary . . . by the number of hours worked in the workweek." *Id.*

However, a prerequisite to the application of the fluctuating workweek method is that "[t]he employee and the employer have a clear and mutual understanding that the fixed salary is compensation (apart from overtime premiums . . .) for the total hours worked each workweek regardless of the number of hours" worked. *Id.* § 778.114(a)(4). This understanding "may be based on the implied terms of one's employment agreement if it is clear from the employee's actions that he or she understood the payment plan." *Calderon v. GEICO Gen. Ins. Co.*, 809 F.3d 111, 131 (4th Cir. 2015) (internal quotation marks and citation omitted). "The existence of a clear mutual understanding is a question of fact." *Kuntze v. Josh Enters., Inc.*, 365 F. Supp. 3d 630, 646 (E.D. Va. 2019). Here, the parties agree that there was no express agreement regarding compensation, such as a contract, but dispute whether the facts indisputably establish an implied understanding about compensation. The Court concludes that this factual dispute is material, which precludes summary judgment.

Specifically, Rivera's testimony makes clear that he believes much of his overtime work was not just undercompensated, but unreported by himself and uncompensated by Defendants. (Rivera Dep. at 34:20–22, Pl. Opp. Ex. A, ECF No. 28-2 ("[H]ere it doesn't show all the hours worked, and on top of that, [Defendants] never paid me for the overtime.").) He further testified that he complained several times about these perceived underpayments to Defendant Korolev. (*Id.* at 42:10–43:1.) A reasonable jury crediting Rivera's testimony could find that he lacked a mutual understanding that his fixed salary was intended to cover all of the hours he worked for

Defendants—and that he routinely expressed to Defendants his view that this salary did not cover many of the hours he worked.

Because of this, Defendants' reliance on cases finding mutual understanding based on employment practices is misplaced. (*See* Reply at 4, ECF No. 29.) Those cases involved situations in which employees received fixed salaries for "*many years without objection*, although the plaintiffs did not always work the same number of hours in a day." *Calderon*, 809 F.3d at 131 (emphasis added); *Wilburn v. Topgolf Int'l, Inc.*, Civ. No. LG-19-0493, 2020 WL 6937773, at *3 (E.D. Va. July 21, 2020) (same). Here, Rivera contested the sufficiency of his salary throughout his much shorter term of employment. Accordingly, there is a material dispute of fact that precludes summary judgment with respect to the application of the fluctuating workweek method for calculating Rivera's overtime pay during the period in which he received a fixed salary.

### B. *Plaintiffs' Requested Rule 56(g) Order*

Although Plaintiffs do not independently move for summary judgment, they request a Rule 56(g) order establishing several critical facts, including that "Defendants did not pay Mr. Rivera required overtime at any point in 2018, [that] Mr. Rivera frequently worked more than 45 hours weekly for Defendants in 2018, and [that] Defendants knew Mr. Rivera's compensation was subject to overtime laws but failed to make any overtime payments." (*See* Opp'n Mot. Summ. J. Mem. Supp. at 11–12.) Essentially, Plaintiffs argue that by moving for partial summary judgment on an issue affecting damages, Defendants have conceded their liability. Federal Rule of Civil Procedure 56(g) does empower a court to "enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case," in situations where it does not grant all the relief requested by a 56(a) motion for summary judgment. Such an order, however,

7

must not "interfere with a party's ability to accept a fact for purposes of the [summary judgment] motion only." Fed. R. Civ. P. 56(g) advisory committee's note to 2010 amendment.

Defendants' reply makes clear that their intention was not to concede liability. (*See* Reply at 6.) Further, if Plaintiffs truly believed they were entitled to summary judgment on issues that would establish liability, they should have moved independently for summary judgment on those issues. Their attempt to read Defendants' motion to concede liability flatly contravenes the purposes of Rule 56(g) and disingenuously overreads the narrow scope of the pending motion for partial summary judgment. Accordingly, Plaintiffs' request for a Rule 56(g) order is denied.

### C. *Plaintiffs' Motion to Conditionally Certify*

The Court now turns to Plaintiffs' motion to conditionally certify a collective action pursuant to 29 U.S.C. § 216(b). To put it generously, the timing for this motion is unusual. Conventionally, conditional certification is a mechanism for effectuating notice to and potential joinder of additional, putatively similarly situated plaintiffs, while allowing discovery to confirm that those additional plaintiffs are indeed similarly situated. However, as Defendants point out, Plaintiffs' conditional certification motion was filed nearly four months after the joinder deadline, and only a week before the discovery deadline. (*See* Opp'n Mot. Cert. at 6; *see also* ECF No. 9.) Because Plaintiffs would likely be procedurally barred from effectively pursuing final certification of a collective action at this late stage in the litigation, it seems that a conditional certification would be an empty gesture. For this reason, Defendants ask the Court to deny the motion, asserting that its only purpose would be to "unfairly prejudice Defendants and delay the lawsuit." (*Id.* (quoting *Buszta v. Quality Midwestern Holdings, Inc.*, Civ. No. LO-18-0593, 2019 WL 1567890, at *1 (E.D. Va. Mar. 1, 2019)).) The Court is inclined to agree.

However, courts denying eleventh-hour motions for conditional certification have generally considered whether the movant has "satisfactorily demonstrated good cause for [its] failure to move for conditional certification at an earlier and more appropriate date." *Buszta*, 2019 WL 1567890, at *1. The papers before the Court do not fully explicate the basis for Plaintiffs' untimely motion, including whether good cause exists for Plaintiffs' delayed filing, or how a conditional certification at this stage could be granted without unduly prejudicing Defendants. While the Court may be skeptical that a sufficient explanation exists, it will not deny Plaintiffs' motion before being certain. Accordingly, Plaintiffs are ordered to show cause as to the timing and merits of their motion for conditional certification within ten days.

## IV.    *Conclusion*

For the foregoing reasons, an Order will issue denying Defendants' Motion for Partial Summary Judgment (ECF No. 27) and Plaintiffs' request for a Rule 56(a) order, and requiring Plaintiffs to, within ten days, show good cause with respect to their Motion for Conditional Certification of a Collective Action (ECF No. 18).


DATED this ___10___ day of June, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge