IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KENNIS RIVERA**, *et al.* | * |
| Plaintiffs, | * |
| v. | * |
| **JET AUTOMOTIVE SERVICES, LLC,** *et al.* | *      **CIVIL NO. JKB-20-1037** |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM AND ORDER**

Plaintiffs Kennis Rivera and Ada Mejia have sued Defendants Jet Automotive Services, LLC ("Jet") and Anthony Korolev, alleging that Defendants have failed to pay them required overtime pay in violation of the Fair Labor Standards Act ("FLSA") and state law. Plaintiffs also assert that there are at least twenty other Jet employees who are similarly situated to Plaintiffs and have sought to convert this case into a collective action under 29 U.S.C. § 216(b). (*See* Mot. Cert., ECF No. 18.) As explained in the Court's prior Memorandum in this case, Plaintiffs' Motion for Conditional Certification was filed unusually late and raised serious doubts that a conditional (or final) collective action could be certified without severely prejudicing Defendants, who had litigated this case through nearly the entire discovery period on the assumption that its scope was limited to Plaintiffs' claims. (*See* June 10 Mem. Op. at 8–9, ECF No. 30.) Accordingly, the Court ordered the present briefing for Plaintiffs to show: (1) "whether good cause exists for Plaintiffs' delayed filing," and (2) "how a conditional certification at this stage could be granted without unduly prejudicing Defendants." (*Id.* at 9.) The issue is fully briefed,[1] and no hearing is required.

---

[1] Defendants responded to Plaintiffs' initial briefing on this issue, and Plaintiffs declined to file a reply within the time period prescribed by Local Rule 105.2(a) (D. Md. 2021).

*See* Local Rule 105.6 (D. Md. 2021). The arguments advanced by Plaintiffs fail to convince the Court that a collective action should be certified at this stage in the litigation, Plaintiffs' Motion for Conditional Certification (ECF No. 18) will be DENIED.[2]

In deciding whether to grant requests for conditional certification, "district courts have broad discretion to determine whether a collective action is an appropriate means for prosecuting an FLSA cause of action." *Butler v. DirectSAT USA, LLC*, 47 F. Supp. 3d 300, 306 (D. Md. 2014). Often, courts utilize a two-step approach to making this determination. A court first makes a "threshold determination of whether the plaintiffs have demonstrated that potential class members are similarly situated such that court-facilitated notice to putative class members would be appropriate." *Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682, 686 (D. Md. 2010) (internal quotation marks and citation omitted). Next, "following the close of discovery, the 'court engages in a more stringent inquiry to determine whether the plaintiff class is in fact similarly situated in accordance with the requirements of [FLSA] Section 216." *Butler*, 47 F. Supp. 3d at 306 (quoting *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 686 (D. Md. 2012)). This two-stage approach maps awkwardly onto the present case, where Plaintiffs have sought a stage one certification at a time when parties are typically disputing a stage two final determination. Fortunately, the Court need not force this case into a two-stage procrustean bed but can instead "collapse the two stages of the analysis and deny certification outright," even where a motion seeks conditional certification. *Purdham v. Fairfax Cnty. Pub. Schs.*, 629 F. Supp. 2d 544, 547 (E.D. Va. 2009). The Court will do so here for two reasons.

First, while late-filed conditional certification motions are not unheard of, they are heavily disfavored. *See Buszta v. Quality Midwestern Holdings, Inc.*, Civ. No. LO-18-0593, 2019 WL

---

[2] The full factual and procedural background of this case is detailed in the Court's prior Memorandum (ECF No. 30) and will not be repeated here, except as necessary to resolve the issues presented in this Memorandum and Order.

2

1567890, at *1 (E.D. Va. Mar. 1, 2019) (denying outright a motion for conditional certification filed "with less than a week left in discovery"); *but see Davis v. Universal Am-Cam, Ltd.*, Civ. No. RMG-10-2947, 2012 WL 12915291, at *4 (D.S.C. Jan. 18, 2012) (granting a similar motion, but noting that "ideally, Plaintiff would have requested conditional class certification much earlier in this litigation"). Granting such motions generally requires that Plaintiffs "satisfactorily demonstrate[] good cause for [their] failure to move for conditional certification at an earlier and more appropriate date." *Buszta*, 2019 WL 1567890, at *1.

Plaintiffs argue that they have shown good cause because their delayed filing stemmed from logistical challenges imposed by the COVID-19 pandemic. (Pl. Statement on Good Cause at 7–9, ECF No. 32.) While sympathetic to the challenges imposed by the pandemic, the Court has already found that the circumstances cited by Plaintiffs did not constitute good cause to extend the discovery deadlines in this case. (*See* ECF No. 26.) In so finding, the Court explained that "none of Plaintiffs' reasons for delay excuse the fact that Plaintiffs waited until the last day of the discovery period in this case to serve any discovery requests." (*Id.* at 2.) Those reasons similarly do not excuse Plaintiffs' delay in moving for conditional certification, especially because Plaintiffs have been aware (or at least alleged) that other similarly situated employees existed at the outset of this case. (*See* Compl. ¶ 22, ECF No. 1 ("Plaintiffs and similarly situated Auto Detailers worked for Defendants.").) Because Plaintiffs have not shown good cause for their untimely motion, "Plaintiff[s'] failure to move for conditional certification in accordance with the applicable discovery and joinder deadlines is itself good cause to deny the Motion as untimely, even setting aside the issue of prejudice to Defendants and the Court." *Buszta*, 2019 WL 1567890, at *2 (citation omitted); *see also Layton v. Percepta, LLC*, Civ. No. DCI-17-1488, 2018 WL 5492850, at *4–5 (M.D. Fla. Sept. 21, 2018) (collecting cases).

Second, Plaintiffs' attempt to certify a collective action fails on the merits. In their Statement of Good Cause, Plaintiffs expressly disclaim the need to reopen discovery for this case to proceed as a collective action. (Pl. Statement of Good Cause at 4.) This implies that Plaintiffs believe they can make the stage two showing on this record, which requires proving that "the plaintiff class *is in fact similarly situated.*" *Butler*, 47 F. Supp. 3d at 306 (emphasis added) (citation omitted). A review of the sparse evidentiary record in this case makes it clear that they cannot do so.

As a preliminary matter, it is not clear that Plaintiffs have even made a showing that a putative "plaintiff class" in fact exists. The only evidence that similarly situated employees exist are affidavits filed by Plaintiffs in support of their conditional certification motion. Those affidavits claim Plaintiffs worked with twenty similarly situated individuals. (*See* ECF No. 18-2 at 4, 8.) However, when pressed at their depositions, Plaintiffs were able to identify only six such individuals: Alex, Caesar, Juan, Carlos, Jose Bermudez, and Matias. (*See* Rivera Dep. at 48, Opp'n Mot. Certify Ex. A, ECF No. 25-1; Mejia Dep. at 19, Opp'n Mot Certify Ex. B, ECF No. 25-2.) Meanwhile, Defendants have submitted affidavits from four individuals—Saul Alexander Guzman Valladares, Cesar Ulises Guzman Valladares, Jose D. Bermudez, and Juan Jose Cruz Campos—affirming that they have never been underpaid by Defendants. (*See* ECF No. 25-3.) While this evidence suggests that two individuals (Carlos and Matias) may plausibly be similarly situated to Plaintiffs, it hardly shows that they *in fact* are. *Butler*, 47 F. Supp. 3d at 306.

Further, the evidence more readily suggests that, while other employees may have been similarly situated to Plaintiffs in terms of the work that they did, they were not so in terms of the manner in which they were paid or (allegedly) underpaid. *See Marroquin v. Canales*, 236 F.R.D.

4

257, 260 (D. Md. 2006) (citation omitted) ("A group of potential plaintiffs is 'similarly situated' when they together were victims of a common policy or scheme or plan that violated the law.").

Plaintiffs' proposed trial strategy confirms that Defendants' alleged FLSA violations are plaintiff-specific and not subject to collective proof. *See Syrja*, 756 F. Supp. 2d at 690 (citation omitted) (declining to certify a collective action where the "case would require a cumbersome, individualized analysis of each class member's particular factual circumstances"). In their briefing, Plaintiffs described this case as "a simple comparison of workers' hours to the pay log that has already been provided" by Defendants. (Pl. Statement of Good Cause at 4.) This description, while technically accurate, elides the manner in which that comparison will be made for each plaintiff.

The two plaintiffs currently in the case are illustrative of the individualized proof at the heart of Plaintiffs' case. Plaintiff Mejia alleges that Defendants' official pay log is inaccurate, and that she kept contemporaneous notes of the hours she worked, which exceed the hours Defendants recorded and paid her for. (*See* ECF No. 18-1 at 9–10.) In contrast, Plaintiff Rivera does not assert that his records impeach Defendants' pay log with respect to his time spent detailing cars, but rather that he was routinely required to work additional, unpaid hours to complete administrative tasks. (*See* Rivera Dep. at 26–27.) Accordingly, the evidence in the record does not establish "a company-wide policy which may violate the FLSA," such as a "*uniform*, company-wide policy of refusing to pay overtime wages." *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007) (emphasis added). Because adjudicating the individualized disputes each worker has with Defendants' pay log would require "substantial individualized determinations for each class member," the "certification of an FLSA collective action is not warranted." *Brown v.*

5

*Rapid Response Delivery, Inc.*, Civ. No. RDB-16-1203, 2017 WL 55858, at *3 (D. Md. Jan. 4, 2017) (citation omitted).

At a minimum, Defendants point out that identifying the theory under which each additional plaintiff would dispute Defendants' pay logs, and the proofs he or she would bring in support of that theory, would require additional discovery. (*See* ECF No. 33 at 3 (explaining that Defendants would "seek documents from each opt in plaintiff and then would seek depose [sic] him or her").) As explained, the Court has already declined to extend the significant discovery period in this case because Plaintiffs have failed to show good cause for doing so. (ECF No. 26.) On the current record, Plaintiffs have failed to show that similarly situated plaintiffs in fact exist, much less that they could be manageably added to this case. For these reasons, Plaintiffs' Motion for Conditional Certification of a Collective Action (ECF No. 18) is DENIED.

DATED this __19__ day of July, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge