IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| **KENNIS RIVERA** )<br>and **ADA MEJIA** )<br>            )<br>**Plaintiffs,** )<br>            )<br>       v.    )<br>            )<br>**JET AUTOMOTIVE SERVICES, et. al.** )<br>            )<br>       **Defendants.** ) | **CASE NO.:**<br>**20-cv-01037-ADC** |

**JOINT MOTION TO APPROVE SETTLEMENT AND TO SET BRIEFING SCHEDULE ON THE ISSUE OF ATTORNEY'S FEES**

Kennis Rivera and Ada Mejia ("Plaintiffs") and Jet Automotive Services, LLC and Anthony Korolev ("Defendants" and collectively with Plaintiffs, "the Parties"), by and through their undersigned counsel, hereby file this Joint Motion to Approve Settlement and in support thereof state as follows:

1.   On April 1, 2021, Plaintiffs filed this action.

2.   Plaintiffs' Complaint alleges individual, class and collective violations of federal law, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, Maryland's Wage and Hour Law, M<small>D</small>. C<small>ODE</small> A<small>NN</small>., L<small>ABOR</small> & E<small>MPLOY</small>., § 3-401 *et seq.*, and Wage Payment and Collection Act, M<small>D</small>. C<small>ODE</small> A<small>NN</small>., L<small>ABOR</small> & E<small>MPLOY</small>., § 3-501 *et seq.*

3.   On September 23, 2021, Plaintiff and Defendants attended a mediation before The Honorable A. David Copperthite. The parties reached a settlement in principle of the plaintiffs claim for damages that day (excluding their claim for attorney's fees).

4.  The parties have concluded that an amicable resolution of this lawsuit is in their respective interests due to the risks and expenses associated with the forthcoming trial. Plaintiffs desire to settle, discharge, and forever terminate all claims and potential claims against Defendants (excluding their claim for attorney's fees) in exchange for accepting a total payment of $21,000.00. The settlement is contained in the Settlement Agreement ("Settlement Agreement") that was negotiated and executed by Plaintiff and Defendants. A copy of the executed Settlement Agreement is attached hereto as Exhibit A.

5.  With respect to attorney's fees the Settlement Agreement states:

    The Parties agree that within fourteen (14) days of the Court Order approving this Agreement, the Plaintiffs may file a Motion for Attorneys' Fees and Costs, for the purpose of allowing the Court to make a final resolution of the demands for attorneys' fees and costs. The Plaintiffs' Motion will be a 3-page single-spaced brief with one exhibit. Fourteen (14) days thereafter the Defendants may submit a 5-page single-spaced brief opposition with one exhibit. Seven (7) days thereafter Plaintiffs may file a 3-page single-spaced reply. Based on the submissions by the Parties, the Court will decide the appropriate reasonable fees and costs, if any, to be awarded.

6.  Courts review FLSA settlements to ensure a fair and reasonable resolution of a bona fide dispute. *See Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014) (noting that the Court looks at the settlement as a "reasonable compromise of disputed issues.") "Although the Fourth Circuit has not addressed the factors to be considered in approving FLSA settlements, 'district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*.'" *Id.* at 407-08 (citation omitted). "The settlement must 'reflect [ ] a fair and reasonable resolution of a bona fide dispute over FLSA provisions,' which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in

2

light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Id.* at 408.  "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Id*. (citation omitted).

7. There is a bona fide dispute here. "In deciding whether a bona fide dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Id*.

8. The Parties are in disagreement over a number of key issues – the number of hours Plaintiffs worked, whether Plaintiffs were paid overtime and whether Plaintiffs were paid properly.  Additionally, Defendants dispute that any alleged FLSA or state law violation was willful.

9. Not only is there a bona fide dispute, the Parties' settlement of $21,000.00, which includes claimed damages and liquidated damages is fair and reasonable.  In determining whether a settlement is fair and reasonable for purposes of approving claims under the FLSA, courts evaluate many factors, including "'(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel ...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.'" *Saman v. LBDP, Inc.*, 2013 U.S. Dist. LEXIS 83414, at *8, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (quoting *Lomascolo v. Parsons*

*Brinckerhoff, Inc.,* 2009 U.S. Dist. LEXIS 89136, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).

10. Here, the Parties have conducted written discovery and provided competing evaluations and analysis of the issues. The Parties expect that if the litigation were to continue and trial were to occur, both sides would incur additional expenditures at substantial risk and still face the prospect of a lengthy appeal process. By avoiding additional extensive litigation, resources that otherwise would have been consumed by the litigation were made available for settlement, thereby reducing the risk and uncertainties of the outcome of litigation for both Parties.

11. Additionally, Plaintiffs are represented by counsel and settled this case – at a Court-supervised mediation – aware of the risks and benefits of settlement. This settlement enables the Parties to avoid the unnecessary accumulation of additional litigation costs and attorney's fees. The settlement is the product of good-faith bargaining between the Parties, with advice of legal counsel. The amount paid represents a fair and reasonable settlement.

12. The settlement reached by the Parties is fair and reasonable as they have resolved this matter in an arms-length agreement. Conducting further discovery, motions practice, and trial would have consumed tremendous amounts of time and resources and demanded substantial judicial resources. This trial would have been costly for all Parties and would have further deferred closure. Any judgment would likely have been appealed, thereby extending the duration of the litigation and exposing the Parties to unnecessary risk. This settlement, on the other hand, will enable the Parties to avoid anticipated risks, burdens and expenses in establishing their respective claims and defenses. Therefore, Plaintiffs

and Defendants agree that the settlement is fair and reasonable and should be approved by the Court.

WHEREFORE, Kennis Rivera and Ade Mejia and Jet Automotive Services, LLC and Anthony Korolev respectfully request that this Court enter an order approving the settlement reached in this matter and adopting the briefing schedule set forth in the Settlement Agreement.

Respectfully submitted,

/s/
(by James Rubin with permission)
Michael J. March
Federal Bar No.: 20377
Michael@usataxlaw.com
Crepeau Mourges
1344 Ashton Road, Suite 110
Hanover, Maryland 21076
Telephone: (667) 900.9909
Facsimile: (667) 999.0202
*Attorney for Plaintiffs*

/s/
James E. Rubin
Federal Bar No.: 15605
The Rubin Employment Law Firm, P.C.
600 Jefferson Plaza, Suite 204
Rockville, Maryland 20852
Tel: (301) 760-7914
jrubin@rubinemploymentlaw.com
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

THIS WILL CERTIFY that on this 3rd day of January 2023, a copy of the foregoing was served via ECF on all counsel of record.

                                                  /s/ *James Rubin*
                                                  James Rubin