**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

February 9, 2022

TO COUNSEL OF RECORD

Re: *Rivera et al., v. Jet Automotive Services, LLC et al.,* ADC 20-1037

Dear Counsel:

The parties were before me for settlement on September 23, 2021. ECF No. 39. At that time the parties were close to a resolution but needed a few days to resolve some outstanding issues. After doing so, the parties consented to me for all further proceedings. ECF Nos. 40, 41. On January 3, 2022, the parties filed a joint motion for settlement approval and request to brief the issue of attorneys' fees. ECF No. 44. The motion to approve settlement was granted on January 6, 2022. Plaintiffs filed their motion for attorneys' fees on January 18, 2022. ECF No. 47. Defendants responded on February 1, 2022. ECF No. 48. Plaintiffs then replied on February 3, 2022. ECF No. 49. The matter is now fully briefed, and no hearing is necessary. Loc.R. 105.7 (D.Md. 2021). For the reasons set forth below the Motion (ECF No. 47) is GRANTED in part and DENIED in part.

Plaintiffs worked as car detailers for Defendants for less than a year. Their hours were tracked by Defendants on a simple spreadsheet. There was evidence that Defendants paid Plaintiff Ada Mejia overtime hours on several occasions. There was also evidence that Defendants paid Plaintiff Kennis Rivera overtime hours. While Ms. Mejia stated she kept track of her hours, there were discrepancies regarding her claimed hours and Defendants' spreadsheet. Mr. Rivera did not keep track of hours but stated he worked 48 to 55 hours per week. This was thus not a terribly complicated case involving multiple Plaintiffs with difficult time sheets and layers of ESI needing in-depth analysis and expert testimony.

In assessing reasonable attorneys' fees, the Court must determine the "lodestar" amount, meaning the "*reasonable* hourly rate multiplied by hours *reasonably expended*." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008) (emphasis added). Multiple factors inform the question of reasonableness, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* at 321 (quoting Spell v. McDaniel, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987)). The Court "should subtract fees for hours spent on unsuccessful claims." *Robinson v. Equifax Info. Servs.,*

*Rivera et al., v. Jet Automotive Services, LLC et al.*, ADC-20-1037
February 9, 2022
Page 2

*LLC*, 560 F.3d 235, 244 (4th Cir. 2009) (quoting *Grissom*, 549 F.3d at 321). "A court abuses its discretion if it allows a fee without carefully considering the factors relevant to fair compensation." *In re A.H. Robins Co., Inc.*, 86 F.3d 364, 373 (4th Cir. 1996) (citations omitted).

Here, the Court finds that the total 263 hours billed to be excessive. In short, a review of the attorneys' fees documentation shows an extraordinary amount of hours expended in a non-extraordinary case. The first three reasonableness factors provide important guidance. The time and labor expended on relatively straightforward claims (factors one and two), by firms accustomed to this practice area (factor three) suggest that Plaintiffs' attorneys' fees request is unreasonable, and the Court should reduce it to a reasonable amount. The fact that four senior attorneys, an associate, and a paralegal all dedicated time to this routine overtime case builds in another layer of questionable billings. Plaintiffs' request is also complicated by counsel's failure to account for the unsuccessful litigation efforts, such as class certification and affirmative discovery requests after the discovery deadline, that ought to be deducted from the lodestar amount. *Cf. Robinson*, 560 F.3d at 244. I identify below which billing records particularly warrant reduction.

First, Plaintiffs have submitted billing records for 25.2 hours to draft the Complaint in this case which, as evidenced by the Complaint itself, was not complicated. Here, the Court finds that "the hours of work incurred . . . [are] unreasonably excessive given the nature of the tasks." *See Broccoli v. Echostar Commc'ns Corp.*, 229 F.R.D. 506, 513 (D.Md. 2005). The Court will reduce those hours to a generous eight hours, which is a reasonable amount of time for a firm that handles overtime cases to draft such a complaint, especially because no class claims were successful. Substantial work on the straightforward Complaint by a senior attorney is also not reasonable, so the compensation will be based on the rate of Mr. Michael J. March, who completed the bulk of the work on the Complaint.

Second, the Court agrees with Defendants' challenge to the billing records Plaintiffs' counsel posed to complete the "workbook"; 38.2 hours on a workbook by an attorney is not reasonable. Calculating working hours is certainly not a novel or difficult task, nor does it require a high degree of skill. Moreover, Plaintiffs did not even see the workbook. Accordingly, reduction of the time is in order. The Court will permit 25% of that time (9.6 hours) to be compensable. Given the lack of legal knowledge necessary to do this work, the 9.6 hours should be compensable at the average rate of the paralegal as detailed in the Appendix B of the Local Rules.

Finally, consistent with the lodestar analysis, the Court will subtract fees for unsuccessful claims, as well as for failure to make timely discovery requests and meritless arguments. The Court agrees that Plaintiffs' request for time related to their pursuit of class certification and drafting affirmative discovery requests are not compensable as they were unsuccessful claims and motions to the Court. *Cf. Robinson*, 560 F.3d at 244. There was no real support for class certification and Plaintiffs failed to act timely. The Court strikes those 81.8 billed hours. And further, as Defendants identify in their response, Plaintiffs waited too long to initiate the affirmative discovery requests, and their request for extension was denied by this Court. The Court will similarly strike those 14.8 hours (calculated by entries that were not already identified in the above calculations). Further, Plaintiffs' efforts to bill 5.1 hours to challenge their existing written settlement agreement are

*Rivera et al., v. Jet Automotive Services, LLC et al.,* ADC-20-1037
February 9, 2022
Page 3

similarly not compensable. *See* ECF No. 48 at 5.

To the extent Plaintiffs' counsel used block billing with respect to these stricken hours, it is unclear to the Court what amount of time was attributable to the separate tasks. Thus the Court will exercise its discretion to reduce the award and treat all overlapping requests as attributable to class certification or, otherwise, Plaintiffs' affirmative discovery requests. *See Leviton Mfg. Co. v. Shanghai Meihao Elec., Inc.*, 613 F.Supp.2d 670, 735 (D. Md. 2009), *vacated and remanded on other grounds.* 606 F.3d 1353 (Fed.Cir. 2010) ("Under the block-billing system, it is difficult to determine whether work performed was duplicative, unnecessary or inefficient. Typically, courts have reduced an award of attorneys' fees because of block-billing. (citations omitted)).

The remaining reasonable fees are permitted:

Pleadings: $1,830
Case Management: $13,020
Motions Practice: $6,022.50
ADR: $6,055
Discovery: $1,455
Fee Petition Preparation: $3,795

The total award of attorneys' fees awarded is $32,177.50.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge